UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NURIT KALDERON, Ph.D.,

                              Plaintiff,

        -v-

ROBERT FINKELSTEIN, *et al.*,

                              Defendants

No. 08 Civ. 9440 (RJS)
<u>ORDER</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

        Plaintiff Nurit Kalderon brings this action against Defendants for violating her rights as the

principal investigator ("PI") on a National Institute of Health ("NIH") research grant (the "Grant").

Specifically, she alleges that Defendants violated her rights under the First and Fifth Amendments

of the Constitution; 42 U.S.C. § 1985(2); 42 U.S.C. § 1986; and various provisions of the Privacy

Act, 5 U.S.C. § 552a.  Now before the Court is the Report and Recommendation (the "Report") of

the Honorable Theodore M. Katz, Magistrate Judge.  For the following reasons, the Court adopts

the Report in its entirety, with the exception of the recommendation regarding Plaintiff's cause of

action under 5 U.S.C. § 552a(d)(2)-(3).

I. PROCEDURAL HISTORY [1]

        Defendants filed their motion to dismiss and for summary judgment on June 15, 2009, and

the motion became fully submitted on August 14, 2009.  Plaintiff filed her motion for partial

---

[1] The facts of this case have been thoroughly described in the Report.  The Court will not rehash
them here, especially because Magistrate Judge Katz, "unlike [the 125-page complaint's] authors"
did an admirable job of "culling from it only those facts relevant to Plaintiff's claims."  (Report at
3.)  The Court agrees that Plaintiff's complaint "belongs to the everything-but-the-kitchen sink
school of thought.  Although not filed pro se, the [c]omplaint is extremely difficult to follow because
of its extreme length and purported factual detail.  The factual allegations are often repetitive,
inconsistent, and contradicted by documents referenced in the [c]omplaint."  (*Id.*)

summary judgment on July 24, 2009, and the motion became fully submitted on September 8, 2009.

The Court referred both motions to Magistrate Judge Katz on October 22, 2009, and he issued the

Report on March 10, 2010.  The Report recommends that the Court:

    (1)    Grant Defendants' motion to dismiss as to all of Plaintiff's claims except for her eighth cause of action;

    (2)    Deny Plaintiff's cross-motion for partial summary judgment; and

    (3)    Dismiss the eighth cause of action as a matter of law, pursuant to Federal Rule of Civil Procedure 56(c).

On March 22, 2010, the Court granted Plaintiff's request for an extension in which to file

her objections.  On April 23, 2010, Plaintiff filed her objections, which challenge all of Magistrate

Judge Katz's recommendations.  Defendants filed their response on May 21, 2010, after also

receiving an extension of time in which to respond.  On June 24, 2010, the Court invited Plaintiff

to submit additional objections (the "Additional Objections") with respect to her eighth cause of

action, and she did so on July 7, 2010.  Defendants submitted their response to these additional

objections on July 16, 2010.

## II. STANDARD OF REVIEW

When no party objects to a report and recommendation, the Court may adopt the report if

there is no clear error on the face of the record.  *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d

250, 253 (S.D.N.Y. 2005).  When a party objects, the objections "must be specific and clearly aimed

at particular findings in the magistrate judge's proposal."  *Harden v. LaClaire*, No. 07 Civ. 4592

(LTS) (JCF), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008).  "[I]f the party makes only

conclusory or general objections, or simply reiterates his original arguments, the Court reviews the

Report and Recommendation only for clear error."  *Dawson v. Phillips*, No. 03 Civ. 8632 (RJS)

(THK), 2008 WL 818539, at *1 (S.D.N.Y. Mar. 25, 2008) (internal quotation marks omitted).  But

"[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) (explaining that § 636(b)(1) "affords the district court broad latitude" in reviewing the magistrate judge's recommendation).

III. DISCUSSION

A. First Objection

Plaintiff's first objection argues that Magistrate Judge Katz misapplied the First Amendment by construing Plaintiff as a public employee, rather than a private citizen, while engaging in speech that was not on a matter of public concern. (Objections at 4.) This objection merely reiterates an argument that Plaintiff has already made and that the Report thoroughly addresses. (*Compare* Pl.'s Opp'n at 18-19 *with* Report at 53-55.) Accordingly, the Court reviews this objection for clear error and finds none.

B. Second Objection

Plaintiff next asserts that Magistrate Judge Katz erred by holding that, because Plaintiff has neither a property nor a liberty interest in the Grant, she has no Fifth Amendment claim. (Objections at 4-5.) Again, Plaintiff reiterates arguments that she has already made. (*Compare* Objections at 5 *with* Pl.'s Opp'n at 14-16.) Specifically, she argues that she has a property interest in the Grant because (1) her salary and benefits were tied to the Grant and (2) her signature on the Grant application made her "a separate contracting party with the federal government." (Objections at 5.) Additionally, she cites *Hamid v. John Jay College of Criminal Justice*, No. 99 Civ. 8669 (WK), 2000 WL 666344 (S.D.N.Y. May 19, 2000), to support her argument. (*Id.* at 5.) The Report addresses both of these arguments, as well as the *Hamid* case. (Report at 31-39.) Plaintiff also reiterates arguments she has already made with respect to why she has a liberty interest in the Grant.

(*Compare* Objections at 6 *with* Pl.'s Opp'n at 8-9, 17.)  The Report likewise addresses all of these arguments.  (Report at 44-47.)  Additionally, even if all of Plaintiff's objections regarding her liberty interest were true, she offers no objection to Magistrate Judge Katz's finding that she failed to allege the "plus" element of her "stigma plus" claim.  (Report at 48-52.)  She offers no objection because none is possible, yet failure to allege a "plus" element is an independent basis for granting summary judgment to Defendants. (*See* Report at 42-43.)  Accordingly, the Court reviews this objection for clear error and finds none.

### C. Third Objection

Plaintiff next objects that "Judge Katz's decision constructs a factual scenario that is not consistent with actual allegations in the pleadings" and that "Judge Katz also improperly decided material questions of facts [sic] even though defendants have not yet answered the complaint."[2] (Objections at 6.)  Plaintiff then goes on to list three of the "numerous misstatements and inaccuracies" in the Report.  (*Id.* at 7.)  As an initial matter, the Court finds that Plaintiff's objection with regard to the unspecified "numerous misstatements and inaccuracies" is merely a general objection, so the Court reviews it for clear error and finds none.

Of the three listed "misstatements and inaccuracies," only the first and third are actually factual in nature.  Plaintiff's first alleged "misstatement[] and inaccurac[y]" takes issue with the general language that appears in an *introductory* paragraph of a sixteen-page subsection of the Report.  (*See* Report at 9-26.)  In focusing on this introductory paragraph, Plaintiff entirely ignores the Report's detailed description of Plaintiff's allegations regarding Defendants' alleged obstruction in transferring the Grant to the New York College of Podiatric Medicine (the "College") and then to New York University ("NYU").  Plaintiff's third alleged "misstatement[] and inaccurac[y]" finds

---

[2] The Court notes that Plaintiff's submissions are replete with grammatical and typographical errors.

fault with the Report's characterization of Plaintiff's whistleblower action as being "'directly about how much money the College was to return to the Grant.'" (Objections at 7 (quoting Report at 68).) Plaintiff's second amended complaint (the "SAC"), however, alleges that she filed the whistleblower action under the False Claims Act, 31 U.S.C. § 3730(h); that the action settled out of court; and that the action resulted in the College "returning as unused funds the sum of $106,801.55 and keeping for itself $17,905.81." (SAC ¶ 192.) The False Claims Act entitles an employee to relief if she was retaliated against after taking action to prevent the United States from being defrauded. *See* 31 U.S.C. § 3730(h). Plaintiff's whistleblower action, therefore, was premised on her allegation that the College had defrauded NIH of Grant money. Magistrate Judge Katz properly concluded that the whistleblower action, which actually resulted in the return of Grant funds, was "directly about how much money the College was to return to the Grant." (Report at 68.) Accordingly, although the Court reviews Plaintiff's first and third examples *de novo*, the Court adopts the Report's description of the facts underlying this action in their entirety.

Plaintiff's second alleged "misstatement[] and inaccurac[y]" is legal in nature but equally without merit. Plaintiff objects that the Report incorrectly "stated that NIH has the express authority to discontinue a grant at any time." (Objections at 7 (citing Report at 33).) Rather, she maintains (without citing any authority) that "[o]nce a grant is approved, it may only be terminated for cause and only after procedural safeguards are satisfied."[3] (*Id.*) Plaintiff fails to read the Report's statement in context.[4] However, even if she were correct that the Report mischaracterized the law,

___

[3] The Court notes that citations to legal authority or the record seldom appear in Plaintiff's submissions.

[4] The Report first clarifies that "NIH may terminate a grant with the consent of the grantee institution, without any requirement of PI input." (Report at 33.) The next sentence is "*[i]ndeed*, NIH has the express authority to discontinue a grant at any time." (*Id.* (emphasis added).) Plaintiff presumably objects to this sentence because the statute provides that NIH may terminate a grant

the mischaracterization would be irrelevant, as it was made in the course of explaining an additional rationale for why Plaintiff does not have a property interest in the Grant.  (*See* Report at 32.) Accordingly, even though the Court reviews this objection *de novo*, it finds that Magistrate Judge Katz properly determined that Plaintiff does not have a property interest in the Grant.

### D. Fourth Objection

Plaintiff's fourth objection is that Magistrate Judge Katz erred in recommending that the Court grant summary judgment to Defendant on Plaintiff's 42 U.S.C. § 1985(2) claim.  (*See* Objections at 8-9.)  The Report found it material to an *alternative* basis for that recommendation that Plaintiff has not "suffered injury to property . . . since . . . Plaintiff has no property interest in the Grant."  (Report at 61.)  Plaintiff relies on *Haddle v. Garrison*, 525 U.S. 121 (1998), to argue that § 1985(2) claims need not allege a deprivation of a constitutionally protected property interest in order to allege an injury.  (Objections at 8.)  Because Plaintiff's interpretation of *Haddle* is correct, the Court reviews this objection *de novo*.  *See Haddle*, 525 U.S. at 126 ("We disagree with the Eleventh Circuit's conclusion that petitioner must suffer an injury to a constitutionally protected property interest to state a claim for damages under § 1985(2)" (internal quotation marks omitted)).

Nevertheless, the Court finds that Plaintiff's § 1985(2) claim should be dismissed.  Section 1985(2) forbids "two or more persons . . . [from] conspir[ing] to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, . . . or to injure such party or witness on account of his having so attended or testified."[5] 42 U.S.C. § 1985(2).

---

without the recipient's consent only if "the a recipient fails to materially comply to the terms and conditions of the award."  45 C.F.R. § 74.61(a)(1).  The Report, however, was clearly trying to highlight that NIH is able to terminate a grant without the PI's *or even the recipient's* input under certain circumstances.

[5] "The essential allegations of a § 1985(2) claim of witness intimidation are (1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation or threat from attending court or testifying

Plaintiff alleges that Defendants Patricia A. Kvochak, Tijuanna E. DeCoster, Joseph J. Pancrazio, and Maxine Davis-Vanlue violated § 1985 by "engag[ing] in a conspiracy to interfere with [Plaintiff's] civil rights."  (SAC ¶ 383.)

"[A] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999).  (*See also* Report at 58-59 (listing Second Circuit cases requiring plaintiffs to plead conspiracy claims with particularity.)  As explained in the Report, "Plaintiff's conspiracy argument turns on a litany of vague and implausible contentions." (Report at 58.)  For example, Plaintiff claims that Kvochak, Davis-Vanlue, Pancrazio, and DeCoster, among others, "ordered an illegal embargo on the submission of application [sic]" until the termination of the whistleblower action.   (SAC ¶¶ 21(f)(ii), 226.)   However, as the Report explains, the "[c]omplaint concedes that NYU did not actually submit any formal transfer application until September 2007, two months *after* settlement of the whistleblower action."  (Report at 20 n.8 (referring to SAC ¶ 257) (emphasis added).)  In November 2007 – only two months later – NINDS issued a notice of grant award, awarding the Grant to NYU. (SAC ¶ 279.)  It is implausible to assert that Defendants – none of whom are affiliated with NYU – were engaging in an embargo until the termination of the whistleblower action when NYU had not even asked for the Grant until after the termination of the whistleblower action.

Without citing to the Report,  Plaintiff, however, objects that the Report "recogniz[es] that there was an embargo on transferring the Grant pending resolution of the Whistle Blower Protection action," yet finds that Plaintiff inadequately pleaded conspiracy.  (Objections at 8.)  The Court

---

freely in any pending matter, which (3) results in injury to the plaintiff." *Chahal v. Paine Webber Inc.*, 725 F.2d 20, 23 (2d Cir. 1984).

disagrees that Magistrate Judge Katz ever made such a finding regarding the "embargo." In fact, the Report explicitly explains why "the embargo allegation is both conclusory and implausible." (Report at 60.) For the foregoing reasons, as well as those stated in the Report, the Court adopts Magistrate Judge Katz's finding that Plaintiff has not stated a claim for relief under § 1985(2).[6]

### E. Fifth Objection

Plaintiff's Fifth objection relates to Magistrate Judge Katz's recommended dismissal of Plaintiff's eighth cause of action as a matter of law. Plaintiff objects to this dismissal because it is "a violation of the basic tenets of due process," as well as because it is substantively incorrect to do so. (Objections at 10.)

During the course of briefing their motion, Defendants failed to ask the Court's permission to exceed the previously-established page limitation of thirty pages for their memorandum of law in support of their motion. Rather, they just filed a thirty-six page memorandum. Because of their disregard of the Court's limitation, in a June 19, 2009 Order, the Court struck pages thirty-one to thirty-six of Defendants' memorandum and clarified that it would "not consider them in deciding Defendants' motion." (Doc. No. 24 at 3.) The Court further clarified that "Plaintiff need not respond to arguments set forth in the disallowed portions of the Defendants' brief." (*Id.*) "In keeping with the Court's direction," Plaintiff did not respond to these arguments, which largely related to her eighth cause of action. (Objections at 9.) She did, however, file a separate motion for summary judgment on a portion of her eighth cause of action. (Doc. No. 29.)

Plaintiff's objection centers around the fact that her motion requested only *partial* summary judgment on her eighth claim, yet the Report clearly treats Plaintiff's motion as one for summary

---

[6] Plaintiff's objections include the following footnote: "Judge Katz improperly dismissed plaintiff's 42 U.S.C. § 1986 claim." (Objections at 9 n.3.) Because this objection is merely general, the Court reviews Plaintiff's § 1986 claim for clear error and finds none.

judgment on the entirety of her eighth cause of action: "Plaintiff cross-moves for summary judgment on her claims for access to records *and amendment of records* under the Privacy Act, §§ 552a(d)(1), (2), & (3)." (Report at 81 (emphasis added).) The Court agrees with Plaintiff that the Report mischaracterizes the relief that she sought. (Objections at 9.) Specifically, she sought summary judgment only on the portion of her eighth claim seeking access to records under § 552a(d)(1) of the Privacy Act, not on the portion seeking amendment of records under § 552a(d)(2)-(3). (*Id.*) Although Plaintiff's Notice of Motion does not describe the motion as one for partial summary judgment, Plaintiff's supporting papers address her access claims only. (*Compare* Doc. No. 29 *with* Doc. No. 30.) Additionally, Defendants' reply brief acknowledges that Plaintiff's motion is one for "partial summary judgment on her claim for access under the [Privacy] Act." (Defs' Reply at 16.)

"District courts have the inherent power to grant summary judgment sua sponte, . . . [as long as] the losing party had notice that it had to come forward with all of its evidence and arguments." *First Fin. Ins. Co. v. Allstate Interior Demolition Corp.*, 193 F.3d 109, 119 (2d Cir. 1999). "Discovery must either have been completed or it must be clear that further discovery would be of no benefit. The record must, therefore, reflect the losing party's inability to enhance the evidence supporting its position and the winning party's entitlement to judgment." *Id.* Additionally, "[t]he prevailing view in this Circuit is that a court need not give notice of its intention to enter summary judgment *against* the moving party." *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991). It is, however, an "unusual circumstance" for the district court to "independently rais[e] and grant[] a summary judgment motion in favor of the nonmoving party." *Id.*

To adopt the Report with respect to the Plaintiff's amendment claim would arguably create such an unusual circumstance here. Because the Court struck the pages of Defendants' memorandum in which they argued for summary judgment on Plaintiff's amendment claim,

Defendants never effectively moved for summary judgment on that claim.  Plaintiffs, likewise, never moved for summary judgment on that claim.  Accordingly, the Report recommends that the Court *raise and grant* a summary judgment motion in favor of Defendants on that claim.  Although Plaintiff arguably had notice – through the Report itself – of the Court's anticipated *sua sponte* grant of summary judgment, the Court believes Plaintiff should be allowed the opportunity to  "enhance the evidence supporting [her] position." *First Fin.,* 933 F.2d at 167.  For example, Plaintiff could include in the record the exhibits attached to her request to amend.  (Additional Objections at 5.) Accordingly, the Court does not adopt the Report's recommendation to grant summary judgment to Defendants with respect to Plaintiff's amendment claim.

With respect to Plaintiff's access claim, however, the Court finds that there is  no procedural barrier to adopting the Report's recommendation to grant summary judgment to Defendants. Plaintiff moved for summary judgment with respect to access, and the Report's recommendation "is based on issues identical to those raised by [Plaintiff's motion]." *Coach Leatherware,* 933 F.2d at 167.  The Court, therefore, will review Plaintiff's substantive objections to the Report's recommendation with respect to her 5 U.S.C. § 552a(d)(1) claim for access to her Grant record. Plaintiff argues that Magistrate Judge Katz improperly determined that (1) Plaintiff never pled a cause of action under the Freedom of Information Act ("FOIA"), (2) Plaintiff "was provided financial documents," and (3) it was Plaintiff's burden to demonstrate that documents were missing from the Grant file.  (Additional Objections at 11-12.)  These objections are easily refuted.

First, Plaintiff's 125-page second amended complaint never mentions FOIA, let alone pleads a cause of action under the statute.  Although Plaintiff asserts that she "did plead defendants [sic] failure to process her access request as [sic] FOIA request," she provides no citation to her second amended complaint in order to support that statement.  (*Id.*)  The Court, thus, agrees with Magistrate

Judge Katz that this claim is not properly before the Court and will not address it now.  (*See* Report at 84 n.2.)

Plaintiff's next objection claims that "Judge Katz wrongly concluded that plaintiff was provided financial documents.  Although she repeatedly requested financial documents she was never provided these documents."  (Additional Objections at 12.)   However, as explained in the Report, the record reflects that Plaintiff was provided with "numerous financial documents" on multiple occasions.  (Report at 85.)  Accordingly, the Court reviews this objection for clear error and finds none.

Finally, Plaintiff's objection regarding Magistrate Judge Katz's description of the burden of proof being on Plaintiff is confused.  The Report explains, "[t]o prevail on summary judgment, Plaintiff must demonstrate that NINDS failed to provide her with records about her that are contained in the relevant 'system of records.'" (Report at 84.)  Plaintiff objects that, "[w]hile [she] offered good evidence even at this early stage that documents were withheld it was not her burden at this stage to demonstrate anything."  (Additional Objections at 12.)  *Plaintiff*, however, moved for summary judgment on her access claim.  The Report correctly states the standard for summary judgment under Rule 56(c) and that "[t]he burden of demonstrating the absence of any genuine dispute as to material facts rests upon the party seeking summary judgment."  (*See* Report at 82.)  Accordingly, the Court reviews this objection *de novo* and finds it to be without merit.

### F. Sixth Objection

Plaintiff's sixth objection is that, "[i]n reviewing the Privacy Act issues, Magistrate Judge Katz ignored the [Department of Health and Human Services] and NIH regulations concerning maintenance of the Grant file and its contents."  (Objections at 10.)  With respect to this objection, Plaintiff articulates two specific reasons why the Report's recommendations regarding the Privacy

Act were in error.  The Court has already addressed Plaintiff's first reason, which is based on her phantom FOIA claim.  Plaintiff's second argument is that her 5 U.S.C. § 552a(e)(2) claim should not be dismissed because, contrary to Magistrate Judge Katz's finding, NINDS was unauthorized to send a questionnaire to NYU.  (Objections at 11.)  Plaintiff argues that, at the time NINDS sent the questionnaire, NYU "was not a grantee institution but an applicant, and 45 C.F.R. § 74.53(e) does not authorize NINDS to collect information from applicants."  (*Id.*)  The Report, however, addresses this argument, which Plaintiff made in her opposition brief.  (*See* Report at 73-74; Plf's Opp. at 24-25.)  Accordingly, the Court reviews Plaintiff's sixth objection for clear error and finds none.

### G. General Objection

Without making any argument, Plaintiff asserts that Magistrate Judge Katz "improperly made ultimate determinations concerning the merit [of her fifth, sixth, and seventh causes of action] and dismissed them."  (Objections at 12.)  Because this objection is conclusory, the Court reviews it for clear error and finds none.

### IV. CONCLUSION

For the foregoing reasons and those stated in the Report, the Court adopts all of the Report's recommendations with the exception of that regarding Plaintiff's claim for amendment under 5 U.S.C. § 552a(d)(2)-(3).  Accordingly, the Court GRANTS Defendants' motion to dismiss as to all of Plaintiff's claims, except for her eighth cause of action; DENIES Plaintiff's motion for partial summary judgment under § 552a(d)(1); and GRANTS summary judgment to Defendants as to Plaintiff's claim for access under 5 U.S.C. § 552a(d)(1).

Plaintiff is HEREBY NOTIFIED that the Court will rule on whether her claim for amendment under 5 U.S.C. § 552a(d)(2)-(3) should be dismissed, pursuant to Federal Rule 56(c) of

of Plaintiff's claims, except for her eighth cause of action; DENIES Plaintiff's motion for partial

summary judgment under § 552a(d)(1); and GRANTS summary judgment to Defendants as to

Plaintiff's claim for access under 5 U.S.C. § 552a(d)(1).

Plaintiff is HEREBY NOTIFIED that the Court will rule on whether her claim for

amendment under 5 U.S.C. § 552a(d)(2)-(3) should be dismissed, pursuant to Federal Rule 56(c) of

Civil Procedure. Accordingly, Plaintiff may file opposition papers, including a Local Rule 56.1

Statement, explaining why her amendment claim should not be dismissed pursuant to Rule 56(c) by

no later than September 17, 2010. The government shall file its response papers, including a

response to Plaintiff's Local Rule 56.1 Statement, by October 1, 2010.

The Clerk of the Court is directed to terminate the motions located at Doc. Nos. 16 and 29.

SO ORDERED.

DATED:      August 24, 2010
            New York, New York


RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/10

13